Norman A. THOMAS, Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, Respondent.

Nos. 05–0043–ag, 05–3838–ag (con), 06–1568–ag (con).

United States Court of Appeals, Second Circuit.

May 23, 2007.

Andrew B. Ehrinpreis, Brooklyn, NY, for Petitioner.

Daryl F. Bloom, Assistant United States, Attorney, for Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Harrisburg, PA, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Norman Anthony Thomas, a native of Jamaica, petitions for review of (1) a December 7, 2004 BIA order affirming the July 2, 2003 order of Immigration Judge ("IJ") Elizabeth A. Lamb denying petitioner's application for a waiver of deportation under former Immigration and Nationality Act ("INA") § 212(c),[1] *In re Thomas*, No. A35 964 823, (B.I.A. December 7, 2004), *aff'g* No. A35 964 823 (Immig. Ct. N.Y. City July 2, 2003); and (2) a March 6, 2006 BIA order denying petition-

---

1. Former INA § 212(c) allowed otherwise qualifying lawful permanent residents in deportation proceedings to seek discretionary waivers of deportation. *See Francis v. INS*, 532 F.2d 268 (2d Cir.1976). Through the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Congress repealed § 212(c) in 1996 and replaced it with "cancellation of removal." *See* 8 U.S.C. § 1229b(a). The repeal of INA § 212(c) does not apply to Thomas, however, because he was placed in deportation proceedings prior to the effective date of IIRIRA. *See Henderson v. INS*, 157 F.3d 106, 130 (2d Cir.1998).

er's motion to reopen the proceedings, *In re Thomas*, No. A35 964 823, (B.I.A. December 7, 2004).[2] Thomas seeks *nunc pro tunc* relief, claiming principally that he was improperly denied the opportunity to have his application for § 212(c) relief "adjudicated before he had served 5 years or more in prison for aggravated felonies." Appellant's Br. at 37. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

On August 25, 1993, the Immigration and Naturalization Service charged Thomas with deportability pursuant to INA §§ 241(a)(2)(B)(i) and 241(a)(2)(A)(iii) in light of 1989 and 1992 convictions for drug trafficking that had resulted in Thomas spending a total of four years and two months in prison. Thomas conceded deportability but sought relief under INA § 212(c). Sometime prior to the scheduled August 7, 1995 § 212(c) hearing, Thomas was arrested and incarcerated on an outstanding parole violation charge. Because of Thomas's unavailability, the IJ repeatedly adjourned the § 212(c) hearing. Thomas's counsel, Barbara Reade, acquiesced in these adjournments. On July

2, 2003, by which time Thomas had spent a total of more than 5 years in prison for his various crimes, the IJ denied his § 212(c) application, finding him ineligible for relief on account of his having "been convicted of one or more aggravated felonies and [having] served for such felony or felonies a term of imprisonment of at least five years." 8 U.S.C. § 1182(c) (repealed 1996). The BIA affirmed this decision by order dated December 7, 2004.

■ To the extent Thomas challenges the BIA's affirmance by arguing that, as a matter of law, the IJ could not aggregate his various terms of imprisonment to conclude that he was ineligible for § 212(c) relief, he waived review of that argument in this court by his failure to raise it before the BIA. *See Lin Zhong v. United States Dep't of Justice*, 480 F.3d 104, 122 (2d Cir.2007) (stating that, as a general matter, "requirement of [8 U.S.C.] § 1252(d)(1) that federal courts review only 'final orders of removal' has the effect of imposing a bar to the review of issues not raised to the BIA").[3]

■ To the extent Thomas challenges the BIA's March 6, 2006 refusal to reopen

**2.** Thomas's petitions for review of these two BIA orders have been consolidated with a petition for a writ of habeas corpus Thomas filed on July 27, 2005, with the United States District Court for the Middle District of Pennsylvania, which petition was transferred to this court and converted to a petition for review pursuant to § 106(a) of the REAL ID Act of 2005. Pub.L. No. 109–13, § 106(a), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(5)).

**3.** Citing *United States v. Copeland*, 376 F.3d 61, 66–67 & n. 4 (2d Cir.2004), Thomas contends that his untimely motion to reopen, *see infra*, nevertheless sufficiently exhausted the due process claims raised therein to permit this court to undertake review of the merits. Thomas's reliance on *Copeland* is misplaced.

That criminal case considered the exhaustion requirement of 8 U.S.C. § 1326(d) in the context of an alien whose failure to pursue any direct appeal to the BIA appeared influenced by a misstatement of law by the IJ. Nothing in *Copeland* alters the rule that where, in a case seeking relief from deportation, an alien is represented on administrative appeal by counsel whose effectiveness is not challenged, arguments not raised on appeal will be deemed waived by this court. *See Lin Zhong v. United States Dep't of Justice*, 480 F.3d at 122; *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (per curiam). Because Thomas failed to present his due process challenge to the conduct of former counsel and the IJ in his direct appeal to the BIA, we will not hear it on this petition.

his case, Thomas confronts a significant procedural hurdle: his motion was not filed within the prescribed 90 days of the entry of the final order of removal in his case. *See* 8 C.F.R. § 1003.2(c)(2). Thomas submits that the BIA abused its discretion in refusing to equitably toll this period in light of his demonstration that he had only recently determined that counsel Reade had been constitutionally ineffective in acquiescing to the various IJ adjournments. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (recognizing ineffectiveness of counsel as a ground for equitable tolling); *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000) (same). We are not persuaded. Equitable tolling is not warranted for time when, with due diligence, a petitioner should have learned of counsel's ineffectiveness. Because Thomas fired Ms. Reade and retained new counsel to appeal the IJ's adverse decision to the BIA, he should have learned of Ms. Reade's alleged ineffectiveness in time to present this claim to the BIA on direct appeal. Thomas has not claimed—much less shown—that his appellate attorneys were constitutionally ineffective. Thus, the BIA acted well within its discretion in rejecting the motion to reopen as untimely.

The petitions for review of the orders of the BIA dated December 7, 2004, and March 6, 2006, are DENIED.